IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID T. YARBOROUGH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 22-1573-CFC |
| DETECTIVE MONROE HUDSON, et al., | : |
| Defendants. | : |

David T. Yarborough, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 20, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff David T. Yarborough, an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Plaintiff has also filed a motion to expedite (D.I. 6) and a request for appointed counsel (D.I. 8) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for the purposes of screening.

On May 11, 2022, Plaintiff was found guilty on several JTVCC charges and sentenced to 10 days confinement in his quarters, loss of all privileges for 60 days, and loss of 90 days of good time credits. According to Plaintiff, Delaware Department of Correction ("DDOC") policy requires offenders to be advised of their right to appeal and permits appeals within 15 days. Twelve days after he was found guilty of the JTVCC charges here, however, Plaintiff, having not yet filed an appeal, received notice that his appeal had been denied. Plaintiff filed grievances and wrote letters addressing the deprivation of his ability to appeal to no avail.

He asserts that he is being held in maximum security and subjected to cruel and unusual punishment. He alleges that as a result of the loss of his good time credits, he will be imprisoned for an additional 90 days and claims that this extension of his sentence is violation of his due process rights because of his inability to appeal. For relief, he requests reversal of his disciplinary conviction and restoration of his good time credits.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint,

2

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

3

(2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's allegations do not raise any due process claims. First, to the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or the denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

4

Next, to the extent that Plaintiff alleges that he was subjected to disciplinary confinement to his quarters for 10 days, loss of all privileges for 60 days, and loss of 90 days of good time credit, all without due process of law, his claims fail for several reasons. In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992).

The issue Plaintiff raises with the preemptive denial of his appeal, however, does not implicate the Due Process Clause because the right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated by *Wolff*. *See Robinson v. Danberg*, 729 F. Supp. 2d 666, 678 (D. Del. 2010); *Platt v. Brockenborough*, 476 F. Supp. 2d 467, 469-70 (E.D. Pa. 2007); *Dickens v.*

5

*Taylor*, 464 F. Supp. 2d 341, 351 (D. Del. 2006). This is true regardless of any appeal rights created by DDOC policies. *See Clark v. Coupe*, 2015 WL 4477698, at *3 (D. Del. Jul. 22, 2015) (holding that DDOC "statutes and regulations do not provide prisoners with liberty or property interests protected by the Due Process Clause.") (citing *Carrigan v. Delaware*, 957 F. Supp. 1376 (D. Del. 1997); *Jackson v. Brewington-Carr*, 1999 WL 27124 (D. Del. Jan. 15, 1999)).

Even if Plaintiff could establish that the disciplinary procedures did not comport with the requirements of the Due Process Clause, it is axiomatic that to be entitled to the procedural due process protections set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558. The Due Process Clause itself "confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions

6

of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The test is fact-specific. *See Shoats*, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest), *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days was not atypical treatment in New Jersey prisons and therefore did not implicate a protected liberty interest).

In this case, the allegations do not establish that the individual sanctions of 10 days confined to quarters or 60-day loss of privileges constituted "atypical and significant hardships" sufficient to trigger a liberty interest. These sanctions are neither atypically long nor distinct from sanctions imposed on other inmates housed at JTVCC.

As to the loss of good time credits, although prisoners have a liberty interest in retaining good time credits they have earned, *see, e.g., Burns v. Pa Dep't of*

7

*Corr.*, 642 F.3d 163, 171-72 (3d Cir. 2011), Plaintiff's claim based on the loss of good-time credits is *Heck*-barred because it impacts the duration of his confinement, and therefore must be brought in a habeas action. *See Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (per curiam) (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44, 646 (1997)). Amendment is futile as to Plaintiff's due process claims.

Finally, Plaintiff's assertion that he is being subjected to cruel and unusual punishment (D.I. 2 at 6) is nothing more than a legal conclusion unsupported by factual allegations and, accordingly, fails to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. at 678. Plaintiff has not sought any relief—by way of damages or an injunction—with regard to this possible Eighth Amendment claim, and the Court therefore concludes that amendment is futile.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion to expedite (D.I. 6) and request for counsel (D.I. 8), and (2) dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court will issue an Order consistent with this Memorandum Opinion.